We'll move to our next case this morning, Kelly Jack-Kelly v. City of Anderson. Mr. Burke. Yes, good afternoon now, Your Honors, and may it please the court. Counsel, my name is Daniel Burke and I represent the appellant, Kelly Jack-Kelly. The issue here today, Your Honors, is did the district court err in dismissing my client's claims brought under Title 42 U.S. Code Section 1983 for fabrication of evidence and malicious prosecution along with an accompanying state law claim for malicious prosecution on statute of limitations grounds. We submit respectfully, Your Honors, that the district court did err and we request that the dismissal be reversed and the case be remanded for further proceedings. The standard that this court has espoused on a number of occasions and that the district court itself recognized is that when a 12B6 motion is brought seeking to dismiss a complaint based on limitations grounds, such a motion should only be granted if the facts establishing that affirmative defense on limitations grounds appear within the plea. In fact, decisions in this circuit have gone even further and said and held that the complaint should only be dismissed if there is no conceivable set of facts that would support a defense to the limitations affirmative defense. I've really been trying to figure out why she could not have known earlier than April 2019 that Detective Carroll used false information to affect her arrest in pretrial detention because she accuses him of criminal activity and having a vendetta against her dating back to 2006. And furthermore, she knew as of 2014 that it was Carroll, not Babb, who swore to false evidence. So, if you can help me with that, that would be great. Certainly, Your Honor. The 2006 exchange that you're referencing, as far as the complaint tells us, Ms. Jack Kelly is an investigative journalist. She received a tip that Officer Carroll had been engaged in unlawful activities. She contacted Officer Carroll. He became indignant at the insinuation and made certain threats. Many, many years later is when, I think we're talking six years is what the dates in the complaint would show, the allegations are brought against my client. And at that time, I believe the complaint alleges the problem with cause affidavit, the police report, and even a deposition that Officer Carroll provided in the criminal proceedings. In all of those instances, he represented that it was Mr. Babb who provided the false information and fabricated evidence, not himself. So, the answer to the question, Your Honor, is while it's true that several years before there was a hostile exchange between my client and Officer Carroll, there have been several years that it passed, nothing had happened. And she had no reason at that time to suspect that it was Officer Carroll and not Mr. Babb that fabricated evidence and provided false information. But doesn't she sue Mr. Babb along the way in 2016? She does, Your Honor, yes. Yeah, I mean, it seems, I share some of Judge Rosner's concerns that there's a long time during which she's aware that people are out to get her, and whether it was Babb or Carroll, I mean, there's just a lot of time there for her to find this. That's a fair point, Your Honor. I would also submit that during this time, she was laboring under the false impression, the false understanding that it was someone else who had provided the false information. But why does that matter? I mean, you know, it sounds like there would hardly be statutes of limitations if people had to have perfect knowledge of who was responsible for things. I mean, if she sued Babb and it turned out it should have been Carroll, I mean, that would come out in discovery. But there's, I'm not sure what the limiting principle is for the knowledge level you're asking for. Well, Your Honor, simply put, she was led down the wrong path by misrepresentations by one of the defendants. It wasn't me, it was Mr. Babb. She pursued a remedy against Mr. Babb, and in the course of pursuing that remedy, that's when she learned that no, it wasn't Mr. Babb that had been behind the production of false information, it was Officer Carroll. And then she turned her sights on Officer Carroll, on the city of Anderson, the Anderson Police Department, filing her complaint within two years, which we all agree is the applicable statute of limitations here, against those defendants. There's a procedural problem with your whole argument on appeal, and that is that it's completely new on appeal. In the district court, the dispute was when the proceedings in the criminal case terminated favorably, or in your client's favor. This argument that you're making now about a later discovery of the activity of the fabrication and misdeposition, that argument was not litigated below, so that's a waiver. Your Honor, I appreciate that, and I understand, certainly, the rationale, the reason behind that argument. I would submit that this court's decision in Sidney Hillman Health Center of Rochester versus Abbott Labs speaks to this issue. That was a case where the plaintiffs at the district court level made equitable arguments in response to a motion to dismiss based on limitations. Their arguments were in vain, the motion was granted on appeal, they shifted course, much like Ms. Jack Kelly has done here, focusing on the reasonableness of the discovery of their injury. As the appellees have done here, Abbott Labs argued waiver, and the district court, excuse me, this court rejected that argument, noting that even if those arguments had not been advanced in the district court, the plaintiff appellants retained the right to challenge the legal reasoning, the legal theory upon which the district court ultimately granted the motion, noting that... Right, but the district court here resolved this motion about the statute of limitations on the grounds that were litigated below, not some preserved alternative. You didn't preserve this alternative, first of all, and the district court didn't resolve the case on preserved alternative grounds. The case was resolved on the grounds that were litigated, which were, there was an argument about when the proceedings in the criminal case terminated in your client's favor. Your Honor, I understand that. So the case you're citing is completely not on point. Your Honor, I would submit that the broader concept, the statute of limitations, is not disposed in the Sidney Hillman health case about it being well settled that a litigant has the right to challenge the basis upon which the district court has reached its termination and noting in that case that... The district court here resolved this case on the dispute about the date when the proceedings terminated in your client's favor. There was no ruling on this alternative argument about discovery of the scope of the fabrication and the deposition of Mr. Babb. That's entirely new on appeal. So there's no broader principle in play here. Fair enough, Your Honor. I see my time's running out. So the argument is waived. You're conceding that? I'm not conceding that, Your Honor. I would stand on the argument that the... What's your backup argument against waiver since that case that you're citing doesn't apply? My backup argument, Your Honor, is that the district court erred in going outside of the pleadings when the standard is deferential to the... The district court took judicial notice of public records. That's perfectly legitimate. There was no going outside the pleadings. Well, understood, Your Honor. Do you have another backup argument? The standard on a motion to dismiss on limitations grounds is designed to be deferential to the plaintiff. If there is any conceivable set of facts on which the limitations argument can be rejected, then the motion should be denied. So what is the alternative conceivable set of facts that was not waived? Is there any? The only fact... Any other conceivable set of facts about when the proceedings in state court terminated in your client's favor? In response to the motion to dismiss, my client did submit records indicating that the criminal proceedings had terminated at a later date. Those were not records that were capable of judicial notice because they weren't certified. The actual certified record of the state court proceedings support the date advanced by the defendants here and found by the court. Your Honors, I thank you for your time. I will rest on our argument and briefing and reiterate our request that the dismissal be reversed in case we need it. Thank you. Thank you. Mr. Lenane. Thank you, and may it please the court. Mr. Burke, my name is Tim Lannon, Assistant City Attorney for the City of Anderson, representing all the defendant appellees in this matter. The district court's order granting the motion to dismiss was correct because the court determined based upon the face of the complaint, together with taking proper judicial notice, that the plaintiff had pled herself out of court due to the expiration of the applicable statute of limitations. And I think as the court has grasped here, the posture of the motion and the response as it came before the district court, it's important to understand that there were two important legal principles which were not in dispute by the parties at that point in time. Number one was that the applicable statute of limitations in this case was a two-year statute of limitations. And the second issue which was not disputed was that the accrual of the action commenced upon the favorable termination of the proceedings in favor of the plaintiff. As Your Honors have noted, at no point in time did the plaintiff argue other than that. She conceded that in the district court in its order, pointed out that on page two of the response by the plaintiff, she said she agreed that the accrual date for this cause of action was the favorable termination of the charges in her favor in the underlying state court charges. So the only thing left for the court to do at that point in time was to actually take a look at what was the actual date for the favorable termination of those charges, which it did properly by way of referring to the certified records of both the Indiana Court of Appeal and the state court. And this is allowed, as Your Honors know, it's allowed both by virtue of the federal rules of evidence 201B, which says that judicial notice of facts may be taken where those facts can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. That's also been held to be the case by this court in the matter of Oregon Capital versus Dodd and Spence, where in that particular case, it ruled that as to a 12B6 motion, it was appropriate for the court to take that type of judicial notice. So based upon that, Your Honors, the decision of the court was correct. She pled herself out of court. You have so said that in terms of the waiver, I'm not going to dwell on that too much. We know the cases of business NAB LLC versus FDIC. This court said it very well and very succinctly. The failure to bring an argument to the district court means waiver on appeal. Also, Wheeler versus Ranopolis, where this court held that parties cannot conjure up brand new legal theories on appeal. And that is exactly what Ms. Jack Kelly is trying to do in this appeal before this honorable court. So because of the waiver that occurs with those additional afterthought arguments that are being interjected at this point in time before the court, we're left with what the reasoning of the court in rendering its order on the motion to dismiss. The order was appropriate. The court discerned what was based upon the agreement of the parties, the applicable statute limitations, what was the proper accrual date, took judicial notice of certainly the most accurate records that were available to the court at that point in time coming from the district court. This complaint was beyond the applicable statute of limitations. And for those reasons, Your Honor, we would ask that you affirm in all ways the order of the district court. Thank you very much. All right. Thank you very much. Mr. Werk, your time had expired. So we'll take the case under advisement and move to our next hearing.